# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 7456 | **DATE** | 12/13/2004 |
| **CASE TITLE** | WILLIAM A. MURRAY vs. CCB CREDIT SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's petition to proceed in forma pauperis is denied, and his suit is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 15 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 5 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM A. MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 7456 |
| | ) | |
| CCB CREDIT SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

DOCKETED
DEC 15 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff William A. Murray filed a *pro se* complaint against defendant CCB Credit Services, Inc., alleging that defendant engaged in deceptive trade practices in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692*o*. Along with his complaint, plaintiff filed a petition to proceed *in forma pauperis*. For the following reasons plaintiff's suit is dismissed.

Pursuant to 28 U.S.C. § 1915(a) we may authorize plaintiff to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. In his financial affidavit plaintiff asserts that he is unemployed and was last employed in December 2003 as a day laborer, and he worked for two days and received $100. He is on welfare and, in addition, received $1,300 in a settlement. He lists no other source of financial support. In light of his financial affidavit, petitioner has demonstrated financial need and an inability to pay court costs.

Our inquiry does not end with that finding of indigence. As part of the initial review of a petition to proceed *in forma pauperis* we analyze the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief

may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). In reviewing the petition we apply the standard used in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and take petitioner's allegations as true Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000). We dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties are held to less stringent standards than pleadings drafted by attorneys. Alvarado v. Itscher, 267 F.3d 648, 651 (7th Cir. 2001).

According to plaintiff's complaint, defendant, a third party bill collector, sent him a letter stating that he owed $351.03 to Sterling Bank & Trust/FNBO. Plaintiff has attached that letter to his complaint, and it states in relevant part:

> This account has been placed with this office for collection. Kindly submit your payment for the above balance in order that we can advise your creditor that this account has been paid in full.
>
> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This communication is from a debt collection agency. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Plaintiff claims that he is not liable for the debt because if he did borrow money from Sterling Bank it was most likely more than six years ago and an action to recover that debt is now time-barred. He then concludes that defendant has engaged in deceptive practices in violation of the FDCPA. He also claims violations of sections 1692(e), 1692(f), 1692(g), 1692(j) and 1692(k),

but does not point to specific subsections within those provisions.

Plaintiff does not claim that defendant has threatened actual or future litigation to recover the debt. Neither does he argue that the dunning letter was confusing or otherwise worded in a manner that violates the FDCPA. Instead, plaintiff claims that the violation occurred when defendant attempted to collect on a time-barred debt. The running of the statute of limitations would bar defendant from collecting through the courts, but it does not extinguish plaintiff's debt. *See* Walker v. Cash Flow Consultants, Inc., 200 F.R.D. 613, 616 (N.D. Ill. 2001). That defendant cannot sue to recover the debt does not prevent it from seeking to recover the debt via an alternate route. Merely attempting to collect a time-barred debt does not violate the FDCPA. We agree with the court in Walker that a violation of the FDCPA occurs if the attempt to collect the time-barred debt is accompanied by a threat to sue, or if litigation has actually begun. In such a situation the debt collector misrepresents the legal status of the debt. *See* Walker, 200 F.R.D. at 616 (discussing Freyermuth v. Credit Bureau Servs. Inc., 248 F.3d 767 (8th Cir. 2001)); Griffith v. Capital One Bank, 2001 U.S. Dist. LEXIS 21953, *5 (N.D. Ill. 2001). Defendant does not violate the FDCPA because the dunning letter is silent as to actual or potential litigation.

We acknowledge the error in dismissing FDCPA suits on the Rule 12(b)(6) standard when the plaintiff alleges that the wording of a dunning letter violates the FDCPA. Walker v. National Recovery, Inc., 200 F.3d 500 (7th Cir.). In Marshall-Mosby v. Corporate Receivables, Inc., 205 F.3d 323, 326 (7th Cir. 2000), the court stated, "a FDCPA complaint survives a motion to dismiss under Rule 12(b)(6) simply by alleging that a dunning letter was confusing." As mentioned above, plaintiff does not allege that he was confused by the letter. Further, no threat to sue can be inferred in the letter when it is read from the "unsophisticated

debtor" perspective. *See* <u>Pettit v. Retrieval Masters Creditors Bureau, Inc.</u>, 2111 F.3d 1057, 1060 (7th Cir. 2000); <u>Gammon v. GC Servs. Ltd. Partnership</u>, 27 F.3d 1254, 1257 (7th Cir. 1994)). We are therefore not confronted with factual issues that would preclude dismissal under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, plaintiff's petition to proceed *in forma pauperis* is denied, and his suit is dismissed.

                                                     JAMES B. MORAN
                                                  Senior Judge, U. S. District Court

Dec. 13, 2004.

# United States District Court
## Northern District of Illinois
### Eastern Division

WILLIAM A. MURRAY

v.

CCB CREDIT SERVICES, INC.

**JUDGMENT IN A CIVIL CASE**

Case Number: 04 C 7456

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that plaintiff's petition to proceed in forma pauperis is denied and his suit is dismissed.

Michael W. Dobbins, Clerk of Court

Date: 12/13/2004

Linda Garth, Deputy Clerk